IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, and TRUCK INSURANCE EXCHANGE. <br><br> Plaintiffs <br><br> vs. <br><br> WHITEFISH INVESTMENT GROUP LP, <br><br> Defendant. | CV 24-119-M-KLD <br><br> ORDER |

This matter comes before the Court on Plaintiffs Mid-Century Insurance Company ("Mid-Century") and Truck Insurance Exchange's ("TIE") (collectively "Plaintiffs") motion to remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. (Doc. 6). Because Defendant Whitefish Investment Group LP ("Whitefish Investment") has not met its burden of demonstrating complete diversity of citizenship, Plaintiffs' motion to remand is granted.

I.   **Background**

Mid-Century is an insurance company organized under the laws of California with its principal place of business located in Woodland Hills, California. (Doc. 1 at 2). TIE is a reciprocal insurance exchange that lists California as its state of domicile and has a California business, mailing, and

1

statutory home address. (Doc. 1 at 2; Doc. 11 at 2-3; Doc. 11-1.). Whitefish Investment has its principal place of business in Flathead County, Montana (Doc. 1-1 at ¶ 8) and is a citizen of the state of Idaho because its partners, Bryan Brazil and Michele Brazil are citizens of the state of Idaho (Doc. 1 at 2; Doc. 11 at 3).

Whitefish Investment is insured under an apartment owner's liability insurance policy issued by Mid-Century and a commercial umbrella liability policy issued by TIE. (Doc. 1-1 at ¶¶ 9, 16). In June 2024, Plaintiffs filed this declaratory judgment action in the Montana Eleventh Judicial District Court, Flathead County, seeking a declaratory judgment that they do not have a duty to defend or indemnify Whitefish Investment in an underlying class action suit. (Doc. 1-1). Mid-Century is presently defending Whitefish Investment in the underlying action subject to a reservation of rights. (Doc. 1-1 at ¶ 3).

In August 2024, Whitefish Investment removed Plaintiffs' declaratory judgment action to this court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Plaintiffs have moved to remand pursuant to 28 U.S.C. § 1447(d) on the ground complete diversity of citizenship is lacking.

## II.   Legal Standard

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope

is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377. "A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005) (citation omitted). Pursuant to 28 U.S.C. § 1332, Congress "has granted district courts original jurisdiction in civil actions between citizens of different States" where the amount in controversy exceeds $75,000. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005).

The procedure for removing a civil action from state court to federal court is set forth in 28 U.S.C. § 1446. The statute requires the defendant to file a notice of removal "containing a short and plain statement of the grounds for removal" in the federal district court where the action is pending. 28 U.S.C. § 1446(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Academy of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (citation omitted). Where, as here, federal subject matter jurisdiction is based on diversity, "complete diversity of citizenship" must exist between the parties, meaning that the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1991); *Weeping Hollow Ave Trust v. Spencer*, 831 F.3d 110, 1113 (9th Cir. 2016).

For purposes of determining a party's citizenship, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c). A limited partnership is considered a citizen of each state of which any of its limited or general partners is a citizen. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). An unincorporated association is considered a citizen of every state of which a member of the association is a citizen. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381, 136 S. Ct. 1012, 1015 (2016); *Johnson,* 437 F.3d at 899.

### III. Discussion

Plaintiffs argue that the Court lacks subject matter jurisdiction because Defendant Whitefish Investment and Plaintiff TIE are citizens of the same state, thus defeating complete diversity of citizenship. TIE is a reciprocal insurance exchange. (Doc. 1 at 2; Doc. 11 at 2, citing Doc. 1-1 at 1). A reciprocal insurance exchange "is an unincorporated association of individuals and businesses who pool risk by agreeing to indemnify each other against particular kinds of losses through a common attorney-in-fact." *Young v. United Services Auto. Assoc.*, 2021 WL 120968 (D. Mont. Jan. 13, 2021) (citing *Benham v. Woltermann*, 632 P.2d 135, 136 (Mont. 1982) and 43 Am. Jur. 2d *Insurance* § 72 (2016)). Because a reciprocal

insurance exchange is an unincorporated association, for purposes of diversity jurisdiction it is considered a citizen of any state in which its "members" are citizens. *Johnson,* 437 F.3d at 899.

While this general principle is well-settled, federal district courts—including the courts in this district—have split on the question of "whether subscribers to a reciprocal insurance exchange are members or merely customers of the exchange." *Staggs v. Farmers Ins. Exch.*, 2016 WL 1725302, at *3 (D. Or. Apr. 27, 2016) (collecting cases). Plaintiffs ask the Court to adopt the majority rule, which holds that "subscribers" to a reciprocal insurance exchange are its "members" for purposes of determining citizenship and diversity jurisdiction. *See e.g. Staggs*, 2016 WL 175302, at *3 (concluding that subscribers of a reciprocal insurance exchange organized under California law were members for purposes of determining citizenship); *McKenzie v. Farmers Ins. Exch.*, 2018 WL 801597, at *3 (D.N.D. Feb. 8, 2018) (following the "majority of case law" and concluding that subscribers to an insurance exchange were members of the exchange for purposes of determining citizenship); *Friedman v. Pekin Ins. Co.*, 2023 WL 3952418, at *2 (D. Ariz. May 16, 2023) (concluding that an insurance exchange's "subscribers" or "policy holders" are its "members," and an insurance exchange shares citizenship with each of its members); *Erie Ins. Exch. v. Dell Inc.*, 2020 WL 3045903, at *4 (S.D. Ind. June 5, 2020) (following the "weight of authority" and concluding that a

"subscribers" or "policyholders" of a reciprocal insurance exchange its "members" for purposes of diversity jurisdiction).

Whitefish Investment counters that this Court should follow the minority rule, pursuant to which the "subscribers or policyholders" of an insurance exchange are considered "its customers, not its members" *Garcia v. Farmers Ins. Exch.*, 121 F.Supp.2d 667, 669 (N.D. Ill. 2000). Under the minority approach, the citizenship of a reciprocal insurance exchange is analyzed as if it were a corporation and is not affected by the citizenship of its subscribers. *Garcia*, 121 F.Supp.2d at 668-669; *see also Erie Ins. Exch. v. Davenport Insulation Inc.*, 616 F.Supp.2d 578, 580 (D. Md. 2009) (following *Garcia* and concluding that the individual policyholders of a reciprocal insurance exchange are its customers, not its members).

The courts in this district are similarly split. In *Young v. United Services Automobile Assn.*, the court followed the majority approach and determined that a reciprocal insurance exchange is "considered an unincorporated association for purposes of determining diversity jurisdiction" and "is therefore a citizen of each state in which it has a member-subscriber." 2021 WL 120968, at *2 (D. Mont. Jan. 13, 2021). Because the plaintiff in *Young* was a Montana citizen and a subscriber of the defendant insurance exchange, the court concluded that the insurance exchange was also a citizen of Montana and complete diversity between the parties

was therefore lacking. *Young*, 2021 WL 120968, at *2. Similarly, in *Mid-Century Ins. Co. v. Rick's Auto Body, Inc.*, the court found that Truck Insurance Exchange—the same reciprocal insurance exchange that is a party here—was properly considered a citizen of Montana because it had a subscriber-member in Montana. 2018 WL 11025035, at *2 (D. Mont. Apr. 30, 2018). In contrast, in *Bentle v. Farmers Ins. Exch.,* the court applied the minority rule and found that the residency of the defendant insurance exchange's subscribers did not alter its status as a foreign entity for purposes of diversity jurisdiction. Case No. 2:21-cv-00027-BMM (April 29, 2022) (Doc. 57 at 5).

      This Court will follow the majority of courts across the country and in this district in concluding that the subscribers of a reciprocal insurance exchange are its members for purposes of establishing citizenship and diversity jurisdiction. Accordingly, because Plaintiff TIE is a reciprocal insurance exchange, it is a citizen of each state in which it has a member. Defendant Whitefish Investment qualifies as a subscriber-member of TIE because it is insured under a TIE commercial umbrella policy. Defendant Whitefish Investment is an Idaho citizen based on the citizenship of its partners, which means that Plaintiff TIE is also a citizen of Idaho. Because Plaintiff TIE and Defendant Whitefish Investment are both citizens of Idaho, complete diversity between the parties lacking and this case must be remanded to state court for lack of subject matter jurisdiction.

## IV.  Conclusion

For the reasons discussed above,

IT IS ORDERED that Plaintiffs' Motion to Remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction is GRANTED and this case is remanded to the Eleventh Judicial District Court, Flathead County.[1]

DATED this 26th day of September, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] Because subject matter jurisdiction is lacking, the Court the does not address Whitefish Investment's Motion for Judgment on the Pleadings. (Doc. 13).